UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

26-cv-692-MJD/DLM

Heyu Zhang,

Plaintiff,

v.

Mayo Clinic,

Defendant.

COMPLAINT

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, including the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., including its anti-retaliation provisions.

2. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in this district and Defendant conducts substantial business in this district.

II. PARTIES

3. Plaintiff Heyu Zhang is an individual residing in Rochester, Minnesota.

4. Defendant Mayo Clinic is a nonprofit healthcare organization with its principal place of business in Rochester, Minnesota and is an employer within the meaning of the ADEA.

III. FACTUAL ALLEGATIONS

5. Plaintiff was employed by Defendant for approximately 23 years in various research-related positions.

6. Throughout his employment, Plaintiff performed his duties competently and met Defendant's legitimate performance expectations.

7. In early 2025, Plaintiff transferred to a different laboratory and began reporting to a new supervisor and principal investigator.

8. Following this transfer, Plaintiff was subjected to unreasonably excessive workload demands and treatment that departed from prior practice.

9. Plaintiff raised internal concerns regarding workload expectations, treatment, and whether certain directives were consistent with Defendant's institutional policies.

10. Plaintiff's communications were professional, made in good faith, and intended to clarify expectations and ensure compliance with policy.

11. After Plaintiff raised these concerns, Defendant's management responded negatively.

12. On August 29, 2025, Defendant placed Plaintiff on paid administrative leave based on vague and unspecified allegations.

13. On September 12, 2025, Defendant conducted an internal investigation meeting with Plaintiff.

14. During that investigation meeting, Plaintiff asked what specific allegations or policy violations were under investigation. Defendant's representatives did not identify any specific charges or alleged misconduct.

15. During the investigation meeting, and before the meeting concluded, Plaintiff again sought clarification regarding the nature of the allegations. Defendant did not provide specific charges at that time.

16. On September 19, 2025, Defendant conducted a meeting to inform Plaintiff of its decision to terminate his employment. During that meeting, Defendant stated generally that Plaintiff had violated multiple policies, but did not identify the specific policy violations.

17. Defendant subsequently sent Plaintiff a written termination notice by email listing five alleged policy violations. These alleged violations were not disclosed to Plaintiff prior to or during the investigation meeting or at the termination meeting.

18. Defendant's failure to disclose specific charges prior to the termination decision deprived Plaintiff of a meaningful opportunity to respond and departed from ordinary and fair employment practices.

19. The adverse actions taken against Plaintiff occurred shortly after Plaintiff engaged in protected activity by raising workplace concerns.

20. During Plaintiff's administrative leave and following his termination, Defendant imposed additional restrictions and penalties beyond termination of employment.

21. Defendant revoked Plaintiff's access to Defendant's campus and facilities, permitting entry only as a patient or as an accompanying individual to another patient.

22. Defendant revoked Plaintiff's employee identification badge, which Defendant customarily allows retirees to retain as a memento of service.

23. Defendant terminated Plaintiff's access to gym facilities and related benefits customarily provided to retirees.

24. Defendant also terminated gym access provided to Plaintiff's household through his wife's employment relationship.

25. These actions occurred in close temporal proximity to Plaintiff's protected activity and termination and constituted materially adverse actions that would deter a reasonable employee from engaging in protected activity.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission.

27. On January 5, 2026, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue.

28. This action is filed within 90 days of Plaintiff's receipt of that notice.

## V. CLAIM FOR RELIEF

(Retaliation — ADEA)

29. Plaintiff realleges and incorporates paragraphs 1–28 as if fully set forth herein.

30. Plaintiff engaged in protected activity by raising internal concerns regarding workplace treatment, workload, and policy compliance.

31. Defendant was aware of Plaintiff's protected activity.

32. Defendant subjected Plaintiff to materially adverse employment actions, including administrative leave, termination, and post-termination loss of benefits and access.

33. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

34. Defendant's conduct constitutes unlawful retaliation in violation of the ADEA, 29 U.S.C. § 623(d).

## VI. CLAIM FOR RELIEF

(Age Discrimination — ADEA)

35. Plaintiff realleges and incorporates paragraphs 1–34 as if fully set forth herein.

36. At all relevant times, Plaintiff was over forty years of age and a member of the class protected by the ADEA.

37. Plaintiff was qualified for his position and had successfully performed his job duties for many years.

38. Defendant subjected Plaintiff to adverse employment actions, including administrative leave and termination.

39. Defendant's explanations for Plaintiff's termination were vague, delayed, and unsupported by contemporaneous disclosure, supporting an inference of pretext.

40. Defendant's handling of the investigation and termination process departed from normal employment practices and supports an inference that age was a motivating factor.

41. Defendant's conduct constitutes unlawful age discrimination in violation of the ADEA, 29 U.S.C. § 623(a).

VII. DAMAGES AND RELIEF

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including lost wages, lost benefits, loss of future earning capacity, and emotional distress.

43. Plaintiff seeks all relief available under the ADEA, including but not limited to back pay, front pay or reinstatement, liquidated damages, costs, and such other relief as the Court deems just and proper.

VIII. JURY DEMAND

44. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Heyu Zhang

2217 Neptune Pl SW

Rochester, MN 55902

Telephone: 507-206-1886

Email: zhanghenry3000@gmail.com

Plaintiff, Pro Se